# Exhibit C

 **CT Corporation**

**Service of Process Transmittal**
03/28/2014
CT Log Number 524667965

TO: Russell S. Bonds
The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, GA 30313-

RE: **Process Served in Texas**

FOR: The Coca-Cola Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Life Partners, Inc., Pltf. vs. The Coca Cola Company, Dft. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Citation, Return, Original Petition |
| COURT/AGENCY: | 414th Judicial District Court McLennan County, TX<br>Case # 201411875 |
| NATURE OF ACTION: | Plaintiff seeking declaratory relief in the matter |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/28/2014 at 15:00 |
| JURISDICTION SERVED: | Texas |
| APPEARANCE OR ANSWER DUE: | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of service of this citation |
| ATTORNEY(S) / SENDER(S): | C. Alfred Mackenzie<br>PO Box 2003<br>Waco, TX 76703<br>254-848-9800 |
| REMARKS: | Please note the process server underlined, circled, initialed and/or highlighted the entity name being served prior to receipt by CT |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/28/2014, Expected Purge Date: 04/02/2014<br>Image SOP<br>Email Notification, Nancy Quattrocchi nquattrocchi@na.ko.com<br>Email Notification, Russell S. Bonds rbonds@coca-cola.com |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Beatrice Casarez-Barrientez<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| TELEPHONE: | 214-932-3601 |

Page 1 of 1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION

PAPER# 1
ATTY

**THE STATE OF TEXAS**

**CAUSE NO: 2014-1187-5**

**TO: THE COCA-COLA COMPANY, A FOREIGN CORPORATION, DEFENDANT - BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**LIFE PARTNERS, INC., A DOMESTIC CORPORATION**                 Plaintiff

VS.

**THE COCA-COLA COMPANY, A FOREIGN CORPORATION**               Defendant

Court: **414TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **MARCH 21, 2014**
Discovery Requests: **REQUEST FOR DISCLOSURE**
Cause No: **2014-1187-5**

This document was delivered to you on the 28 day of March 2014.
By: K. Jaenck

*NOTICE*

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **MARCH 24, 2014.**

**C. ALFRED MACKENZIE**
**P.O. BOX 2003**
**WACO, TEXAS 76703**

Attorney for Plaintiff

Karen C. Matkin, District Clerk
P.O. Box 2451
Waco, McLennan County, Texas 76703
By: _____, Deputy
**MAXINE BARTON**

**RETURN OF SERVICE**

Style: **LIFE PARTNERS, INC., A DOMESTIC CORPORATION VS. THE COCA-COLA COMPANY, A FOREIGN CORPORATION**
Cause No.: **2014-1187-5**
Court: **414TH JUDICIAL DISTRICT**
Paper#: **1**
Instrument(s) Served: Pleading, **PLAINTIFF'S ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE**

Came to hand on the _____ day of _____, 20____ at _____o'clock ____M. and executed on the _____ day of _____, 20____ by delivering to the party designated in the citation, to-wit:
_____
_____
at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES:  Serving one (1) copy
Total $_____          **NO SHERIFF OR CONSTABLE FEES COLLECTED**
_____ County, Texas
By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____
and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my date of birth is _____, and my address is _____
_____.
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____ (Month) _____ (Year)
_____ (Signature) Declarant"

CAUSE NO: 2014-1187 

| | § | |
|---|---|---|
| LIFE PARTNERS, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | FOR THE 414th JUDICIAL DISTRICT |
| | § | |
| THE COCA COLA COMPANY | § | |
| Defendant | § | McLENNAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT:

Life Partners, Inc. files its Plaintiff's Original Petition, seeking declaratory relief, and would respectfully show the court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Life Partners, Inc. (hereinafter "Plaintiff" or "LPI"), is a domestic corporation, incorporated under the laws of the State of Texas, with its principal place of business in McLennan County, Texas.

3. Defendant, The Coca-Cola Company (hereafter, "Defendant" or "Coca-Cola"), is a foreign corporation, incorporated under the laws of the State of Delaware, whose principal place of business is One Coca-Cola Plaza, N.W., Atlanta, GA 30313. Coca-Cola may be served with process by serving its registered agent, CT Corporation System, at its registered office address, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## SUBJECT MATTER JURISDICTION

4. Under section 37.003 of the Texas Civil Practice and Remedies Code, this court has jurisdiction to render a declaratory judgment in this case as there is a real and justiciable controversy as to the ownership of an insurance policy and the right to designate the beneficiary of the death benefit of such policy, and the amount in controversy is in excess of the minimum jurisdictional limits of the district court.

## PERSONAL JURISDICTION

5. This court has personal jurisdiction over the Defendant pursuant to Texas law, including the Texas long-arm statute, and exercise of such jurisdiction is consistent with the due process clause of the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Texas.

## VENUE

6. Venue is proper in McLennan County under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to the claim occurred in McLennan County, Texas.

## FACTUAL BACKGROUND

7. LPI is in the business of arranging what are known as viatical or life settlements. The policy owner, often the same person as the insured or a legal entity created by the insured, can sell a life insurance policy to LPI as agent for its clients. This allows the owners to receive payment for the value of the policy during the insured's lifetime. LPI arranges the sale of fractional interests in the policy to its clients for investment purposes. Through LPI, client purchasers acquire a fractional interest in the policy for less than the net death benefit. When the insured dies, the purchasers receive the benefits payable under the insurance policy purchased.

As a life settlement provider, LPI acts as purchasing agent for the purchasers and effectuates life settlement transactions.

8.  Defendant employed an individual, who shall be referred to in this petition as "the Insured" to maintain the confidentiality of his identity in accordance with applicable state and federal law. As Defendant's employee, the Insured was covered by a group life insurance policy issued to Defendant. As of 2005, the group policy was issued by Life Insurance Company of North America (a member of the CIGNA Companies hereinafter referred to as "CIGNA") and was assigned Policy No. FL151492. The Insured's coverage, which was evidenced by a certificate of coverage identified by his social security number, XXX-XX-XXXX[1], provided basic death benefits in the sum of two hundred fifty thousand dollars ($250,000.00).

9.  On or about January 11, 2005, the Insured executed an "Assignment (Viatical Settlement of Life Insurance)," on a form provided by CIGNA, whereby the Insured assigned to LPI all of his right, title and interest in the Insured's certificate of coverage and any policy issued as a replacement thereof. The assignment was recorded at the home office of CIGNA on February 23, 2005.

10. On or about January 12, 2005, the Insured executed a Special Power of Attorney authorizing LPI to sign documents necessary to (a) convert the Insured's group life insurance coverage to an individual policy of insurance, (b) request or continue disability waiver of premiums, (c) freely and fully exercise the rights of the owner of the policy; and (d) request and receive a death certificate. The Special Power of Attorney was also signed by a witness.

11. On or about January 13, 2005, LPI, as assignee, executed a Beneficiary Designation, again on a form provided by CIGNA, designating Sterling Trust Company as the

---

[1] In accordance with Rule 21c of the Texas Rules of Civil Procedure, sensitive data is redacted in this pleading using the letter "X" in place of each omitted digit, and an unredacted version of the filed document is being retained by the Plaintiff during the pendency of this case.

beneficiary of the Insured's group life insurance coverage. CIGNA acknowledged receipt of the beneficiary designation on or about March 4, 2005.

12. Finally, on January 19, 2005, the Insured executed a Viatical Settlement Purchase Agreement, consummating the viatical settlement transaction, and confirming the Insured's assignment and transfer to LPI, as agent for its clients, of all right, title, and interest in the certificate of coverage, including rights to change the beneficiary, assign or surrender the certificate, borrow on the certificate, apply for waiver of premium or conversion of the certificate, receive benefits paid under the certificate, and be notified about matters relative to the certificate as to which the owner should be notified. At that time, the Insured also designated Sterling Trust Company as the beneficiary. Pursuant to the Agreement, the Insured was paid $50,000.00 in exchange for the above-described conveyance and absolute assignment of his group life insurance coverage to LPI as agent for its clients.

13. On or about July 20, 2005, Defendant notified LPI that Defendant did not consider the power of attorney executed by the Insured in favor of LPI to be valid under Georgia law. Defendant cited section 10-6-141 of the Georgia Code, which is merely an "Explanation for Principals" which *may* be used with the Georgia Statutory Form for Financial Power of Attorney. Notably, the preceding section of the Georgia Code—section 10-6-140—expressly states that the Georgia Statutory Form for Financial Power of Attorney is not the exclusive method for creating such an agency.

14. On or about September 6, 2011, United Western Trust Company (formerly known as Sterling Trust Company) (hereinafter "UWT"), a non-bank trust company chartered under the laws of the State of Texas, assigned and transferred its rights and responsibilities as escrow agent

to Purchase Escrow Services, LLC. Contemporaneously therewith, UWT expressly consented in writing to the change in beneficiary designation to Purchase Escrow Services, LLC.

15. On or about November 9, 2012, LPI submitted a written request to Defendant change the designated beneficiary of the Insured's certificate of coverage to Purchase Escrow Services, LLC.

16. On or about February 27, 2013, Defendant's representative acknowledged that LPI was the assignee, but refused to provide any information or to facilitate the requested change of beneficiary designation without a new power of attorney. Although a power of attorney from the assignor should not be necessary for LPI to exercise its rights as an assignee, LPI made multiple attempts, without success, to obtain a new power of attorney from the Insured in an effort to accommodate Defendant's requests.

17. On or about January 13, 2014, LPI again requested that Defendant review the assignment and request to change the designated beneficiary.

18. On or about February 6, 2014, LPI was advised by Defendant's representative that LPI was not the assignee on file.

19. Defendant, though aware of the assignment of coverage to LPI, refuses to permit LPI access to information regarding its assigned interest in the Insured's certificate of coverage without a power of attorney deemed satisfactory to Defendant.

20. Despite numerous attempts at resolving this matter, Defendant has and continues to refuse to acknowledge in writing that LPI is the assignee of Insured's certificate of coverage, and consequently, Defendant has not permitted LPI to access any information regarding the Insured's group life insurance coverage or to designate Purchase Escrow Services, LLC as the beneficiary of Insured's certificate of coverage.

## REQUEST FOR DECLARATORY RELIEF

21. The preceding paragraphs are incorporated herein as if fully restated.

22. As a person interested under a life insurance policy, LPI seeks declaratory relief under section 37.001, *et. seq.*, of the Texas Civil Practice and Remedies Code.

23. Although Defendant acknowledged the assignment as recently as February 2013, the Defendant has refused to permit Plaintiff to change the beneficiary designation or to access any information regarding Plaintiff's interest in the Insured's group life insurance certificate. Furthermore, in February 2014, Defendant stated that LPI was not listed as the assignee of the Insured's certificate of coverage. Thus, a real and justiciable controversy exists as to LPI's rights, status, and legal relations under the Insured's certificate of coverage with respect to Defendant's group life insurance policy.

24. Accordingly, LPI requests that this court construe the assignment and other documents affecting LPI's interest in the Insured's certificate of coverage as part of Defendant's group life insurance policy. Specifically, LPI requests that this court grant declaratory relief as more particularly set out in the Prayer below.

## REQUEST FOR DISCLOSURE

25. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

26. Life Partners, Inc. prays that Defendant be cited to appear and answer, and that on final hearing, Life Partners, Inc. have judgment for declaratory relief as follows:

(a) Life Partners, Inc. is the lawful assignee, as agent for its clients, of the Insured's certificate of coverage with respect to The Coca Cola Company's group life insurance policy;

(b) Life Partners, Inc. has the right to designate the beneficiary of the Insured's certificate of coverage with respect to The Coca Cola Company's group life insurance policy;

(c) Life Partners, Inc. has the right to access information pertaining to the Insured's certificate of group life insurance with respect to The Coca Cola Company's group life insurance policy, including but not limited to information regarding the status and convertibility thereof; and

(d) Purchase Escrow Services, LLC, is the duly appointed beneficiary of the Insured's certificate of group life insurance with respect to The Coca Cola Company's group life insurance policy.

27. That Plaintiff be awarded costs and reasonable and necessary attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

28. Life Partners, Inc. further prays for such additional relief, at law or in equity, to which it may show itself justly entitled.

Respectfully Submitted,

C. Alfred Mackenzie

C. Alfred Mackenzie
State Bar No. 12761550
P. O. Box 2003
Waco, Texas 76703
Phone: (254) 848-9800
Fax: (254) 848-9974
E-mail: AMackenzie@Texas-Appeals.com

and

Cobby Offei
State Bar No. 24073348
204 Woodhew Dr.
Waco, TX 76712
Phone: (254) 751-7797
Fax: (254) 751-1025

ATTORNEYS FOR PLAINTIFF
LIFE PARTNERS, INC.