IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIFE PARTNERS, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | CASE NUMBER: A:14-CV-472-SS | |
| § | | |
| THE COCA-COLA COMPANY, § | | |
|     Defendant § | | |

**Motion for Voluntary Dismissal Without Prejudice**

Plaintiff, Life Partners, Inc. ("Plaintiff" or "LPI") files this Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I.**

**Procedural Background**

1.  This lawsuit was filed on March 21, 2014, in the District Court for the 414th Judicial District, McLennan County, Texas. The Plaintiff sought a declaratory judgment against The Coca-Cola Company (hereinafter "Defendant") with respect to LPI's rights as assignee of a certificate of coverage under the Defendant's group life insurance policy.

2.  On April 17, 2014, Defendant removed this action to the United States District Court for the Western District of Texas, contending that any legal rights Plaintiff was assigned under the group life insurance policy are the rights of a participant in an ERISA-governed employee benefit plan and that Plaintiff's claim for declaratory relief was completely preempted by ERISA. (Doc. # 4).

3.  The Defendant filed its Answer to the Plaintiff's Original Petition on April 24, 2014. (Doc. # 7). Defendant's Answer admitted that the employee who assigned the certificate of coverage at issue in this lawsuit was (from time to time) a Participant in the Defendant's Plan, and that the Plan's group life insurance policy was issued by Life Insurance Company of North America; but Defendant claimed to have insufficient information regarding Participant's certificate of coverage. *See* Def.'s Orig. Ans. at ¶ 8 (Doc. # 7). Furthermore, with respect to the pertinent

factual details underlying LPI's claim for declaratory relief—e.g., the assignment, recording of the assignment by the Plan's insurer, and LPI's designation of beneficiary—the Defendant avoided pleading a specific admission or denial by contending that the Plaintiff's factual allegations stated legal conclusions or that relevant documents speak for themselves. *See* Def.'s Orig. Ans. at ¶¶ 9-13, 16-17 (Doc. # 7). In short, the Defendant took no position with respect to the vast majority of the Plaintiff's contentions. Likewise, a number of the Defendant's denials did not fairly respond to the Plaintiff's allegations as required by Rule 8(b)(2) of the Federal Rules of Civil Procedure. For example, the Defendant denied the Plaintiff's allegation that, "[o]n or about February 6, 2014, LPI was advised by Defendant's representative that LPI was not the assignee on file" without any indication of whether the Defendant denied that such a statement was made to LPI or, instead, that the Defendant was taking the position that the employee of the Defendant's benefit center who made such a statement was not a "representative" of the Defendant. *See* Pl.'s Orig. Pet. ¶ 18 (Doc. # 4-3); Def.'s Orig. Ans. ¶ 18 (Doc. # 7).

4. On May 5, 2014, the Defendant filed a Motion for Judgment on the Pleadings (Doc. # 12), arguing that the Plaintiff had failed to avail itself of administrative remedies under the Defendant's employee benefit plan and seeking a dismissal of the Plaintiff's claims on the ground that they were not ripe for review.

5. On May 15, 2014, the Plaintiff filed an Agreed Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Pleadings[1] "to facilitate ongoing discussions, which could lead to an early resolution of some or all of the issues raised by the pleadings." *See* Agreed Mot. ¶ 3. (Doc. # 13). Although no resolution was reached, at the suggestion of the Defendant's counsel, LPI agreed to formally initiate a request for administrative review (even though it was still not clear what additional administrative procedures might be available to an assignee such as LPI). Accordingly, on June 9, 2014, the Plaintiff filed an Unopposed Motion to

---

[1] This Court granted the Agreed Motion, extending the deadline to Monday, June 9, 2014. (Doc. # 18).

Abate this case "pending exhaustion of *all applicable administrative remedies* pertaining to LPI's claims." *See* Mot. to Abate (Doc. # 20) (emphasis added).

6. The Court's Order granting the motion abated the case until August 1, 2014. (Doc. # 21). Thereafter, following a series of communications between counsel, LPI's attorney submitted to Defendant's attorney a proposed Stipulation of Voluntary Dismissal Without Prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, in light of the limited time to complete the pending administrative review of LPI's claims. Defendant's counsel responded that the Defendant could not agree to a stipulation of dismissal, but noted that the Defendant intended to make every effort to obtain an **initial** determination of LPI's claims on or before August 1, 2014. LPI's receipt of the Plan's initial determination, however, would not necessarily constitute exhaustion of all applicable administrative remedies. *See e.g.*, 29 CFR 2560.503-1 (providing, at a minimum, that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan).

## II.

## Motion for Voluntary Dismissal

7. The Plaintiff hereby moves for an Order of Dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

8. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990). In this case, the Defendant can suffer no prejudice because **the dismissal now requested by the Plaintiff is the same relief requested by the Defendant** in its pending Motion for Judgment on the Pleadings, seeking dismissal on the ground that LPI's claim is not ripe based upon an alleged failure to exhaust administrative remedies. *See* Def.'s Mot. for J. on Pleadings at p. 6 (Doc. # 12).

9. If the pending administrative review results in a favorable acknowledgment that LPI is the assignee of the Participant's certificate of coverage under the Defendant's group life insurance Plan, then there would be no need for declaratory relief or assertion of a claim under ERISA in this lawsuit. If, however, an adverse determination is upheld upon administrative appeal, further review of that determination would potentially be subject to a limited scope of review in this lawsuit. On the other hand, even if the Plan does not contemporaneously acknowledge the assignment of the Participant's rights in favor of LPI (or LPI's request to change the current beneficiary designation), both LPI, as assignee, and the current beneficiary would nevertheless retain the right, upon maturity of the policy, to assert a claim for benefits under the irrevocable assignment, which has been recorded by the Plan's insurer in accordance with the Plan documents. Such claim—which neither LPI nor the beneficiary has sought to assert in this proceeding—is clearly not ripe. Yet, in light of the Defendant's present refusal to provide any current information regarding the status of the assignment, deferment of the resolution of LPI's status as assignee upon maturity of the policy is likely the most efficient remedy for protection and assertion of the parties' rights under the assignment. Finally, Plaintiff is not seeking a voluntary dismissal for re-filing in another forum, but to withdraw its pending claim for judicial relief while preserving its right to assert such claims that may become ripe in the future.

### III.

### The Dismissal Requested by Both Parties is Without Prejudice

10. In accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court, a voluntary dismissal is without prejudice. Furthermore, a dismissal based upon a contention that a plaintiff's claim is not ripe for failure to exhaust administrative remedies—as alleged by the Defendant—is properly without prejudice. *See e.g., Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 395 (5th Cir. 2007) (noting that district court—in prior lawsuit—dismissed any ERISA-based claims without prejudice for failure to exhaust administrative remedies); *Galvan v. SBC Pension Benefit Plan*, No. SA-04-CV-333-XR, 2006 WL 3541312 (Dec. 6, 2006) (noting prior dismissal without prejudice).

## IV.

## Prayer

Plaintiff, Life Partners, Inc., respectfully requests that the Court grant this Motion for Voluntary Dismissal Without Prejudice, and enter the proposed order dismissing this lawsuit without prejudice to LPI.

In accordance with Local Rule CV-7(i), a conference with opposing counsel is not required for a dispositive motion.

Respectfully Submitted,

*/s/ C. Alfred Mackenzie*
C. Alfred Mackenzie
State Bar No. 12761550
P. O. Box 2003
Waco, Texas 76703
Phone: (254) 848-9800
Fax: (254) 848-9974
E-mail: AMackenzie@Texas-Appeals.com

and

Cobby Offei
State Bar No. 24073348
204 Woodhew Dr.
Waco, TX 76712
Phone: (254) 751-7797
Fax: (254) 751-1025
E-mail: COffei@lifepartnersinc.com

ATTORNEYS FOR PLAINTIFF
LIFE PARTNERS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Defendant:

    David Tetrick , Jr          dtetrick@kslaw.com
    Leslie M. Bassett          lbassett@kslaw.com
    King & Spalding, LLP
    1180 Peachtree Street
    Atlanta, GA 30309-3521

    Steven Gregory White          greg.white@texapplaw.com


          */s/ C. Alfred Mackenzie*
          C. Alfred Mackenzie