IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIFE PARTNERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: A-14-CA-472-SS |
| | ) | |
| v. | ) | |
| | ) | |
| THE COCA-COLA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT THE COCA-COLA COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>**

Defendant The Coca-Cola Company ("Coca-Cola") opposes Plaintiff Life Partners, Inc.'s Motion for Voluntary Dismissal Without Prejudice ("Motion") because dismissing this case now would squander the significant time and resources already expended just to get this case in the proper court and force Plaintiff to comply (belatedly) with the pre-suit administrative process required by Fifth Circuit law. Plaintiff filed this ERISA case (in Texas state court), submitted an administrative claim (reluctantly, and only after Coca-Cola moved to dismiss for Plaintiff's failure to do so), and then requested that this Court abate the case until that process could be completed. The Court did so;[1] Plaintiff immediately submitted its claim to the administrative process; and, as Plaintiff concedes, the administrator has committed to decide the claim within the abatement period ordered by the Court.[2] Yet Plaintiff has now abruptly changed course and wants the Court to dismiss the case without prejudice because the period of abatement granted by this Court is not long enough "to **complete** the pending administrative review of [Plaintiff's]

---
[1] Dkt. 21.
[2] Dkt. 22 p.3.

claims."[3] Perhaps so, if the plan administrator denies the claim and Plaintiff elects to appeal an adverse determination through the administrative process.[4] That is no reason to start over from scratch, especially not before the period of abatement requested by Plaintiff and ordered by this Court has even expired. Indeed, if additional time is needed to complete the administrative claims process mandated by ERISA, an extension of the period of abatement (when and if that becomes necessary), would better promote the "just, speedy, and inexpensive determination of [this] action,"[5] and would not needlessly risk the parties and this Court having to duplicate work that has already been done. For these practical reasons, more fully explained below, Coca-Cola opposes Plaintiffs' Motion and requests that it be denied, or, in the alternative, that the Court defer ruling on Plaintiff's Motion until the period of abatement has expired.

Plaintiff's right to dismissal under Rule 41(a)(2) "is not absolute."[6] The decision of whether to grant a motion for voluntary dismissal under Rule 41(a)(2) rests within this Court's sound discretion and will only be reviewed, if at all, for an abuse of discretion.[7]

On June 9, 2014, Plaintiff requested that the Court abate this case so it could exhaust its administrative remedies, as required by ERISA and controlling Fifth Circuit precedent.[8] On June 17, 2014, this Court issued an Order granting Plaintiff's request, and abating this case until August 1, 2014 pending completion of the ERISA administrative process.[9] Thus, denying Plaintiff's present Motion will not prejudice either party to the lawsuit, nor will it require the parties or this Court to expend any additional resources pending completion of the administrative

---

[3] Dkt. 22 p.3 (emphasis added).
[4] *See* 29 C.F.R. § 2560-503-1 (describing administrative claims process that, based on the date Plaintiff submitted its claim, and depending on whether Plaintiff pursues its entitlement to administrative appeals, could extend well beyond August 1, 2014).
[5] Fed. R. Civ. P. 1.
[6] *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).
[7] *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).
[8] Dkt. 20.
[9] Dkt. 21.

process. Rather, denying Plaintiff's Motion would simply preserve this dispute's orderly progress toward resolution, starting with Plaintiff's completing the administrative process required by law.

On the other hand, permitting Plaintiff to walk away in the middle of that process would expose Coca-Cola (and the courts) to the risk of repeating the work it has already done here. The court(s) involved in any such "do-over" litigation would be forced to waste judicial resources considering the same preliminary issues, which may again include, removal from state court,[10] answering another complaint,[11] and motion practice to require exhaustion of any claims not submitted to the administrative process.[12] That risk is not a trivial concern. Although Plaintiff claims it "is not seeking a voluntary dismissal for [the purpose of] re-filing in another forum,"[13] there is nothing to stop it from doing so later.[14] If Plaintiff is anything but completely satisfied with the outcome of the now on-going administrative claims process, Plaintiff will almost certainly refile its lawsuit somewhere, asserting the same claims for relief (at least by the time the limitations period for judicial review of any administratively denied claims expires). And, even if Plaintiff is satisfied with the result of the on-going administrative process, the parties could certainly inform this Court of that outcome and jointly request dismissal of this case, all without the expenditure of additional resources in the interim or squandering the resources that have already been devoted to this case.

---

[10] Dkt. 4.
[11] Dkt. 4.
[12] Dkt. 12.
[13] Dkt. 22 at p. 4.
[14] Plaintiff's related argument—that Coca-Cola "can suffer no prejudice because **the dismissal now requested by the Plaintiff is the same relief requested by the Defendant** in its pending Motion for Judgment on the Pleadings" —is similarly misguided. Dkt. 22 at p.3 (emphasis in original). In its Motion for Judgment of the Pleadings, Coca-Cola asked that Plaintiff's case "be dismissed unless and until Plaintiff avails itself of the administrative process required by ERISA and set forth in the Plan." Dkt. 12 at 1-2. An order from this Court granting that relief—unlike the voluntary dismissal that Plaintiff now purports to seek under Fed. R. Civ. P. 41(a)(2)—would thwart any effort Plaintiff might make to promptly "re-fil[e] in another forum."

There is no good reason to short circuit any of the procedural mechanisms that Plaintiff initiated when it filed this suit, submitted an administrative claim, and then requested an abatement pending completion of the administrative claims process required by ERISA. Instead, this Court should continue to harmonize the procedural mechanisms that Plaintiff has initiated by staging them in the logical, legally required order: (1) allow the claims process to continue until Plaintiff has exhausted its administrative remedies under ERISA; (2) continue the existing period of abatement to allow for completion of that process, if and when it becomes necessary to do so; and (3) preserve the investment of resources that has already been made in this case by maintaining the procedural status quo until at least the existing period of abatement expires on August 1, 2014, and directing the parties to advise the Court by August 5, 2014 about the outcome of the determination on Plaintiff's pending claim and whether additional time is necessary to complete an appeal from that determination. This approach wastes neither the parties' nor this Court's time or resources and instead preserves the investment that has already been made.

For the reasons set forth above, Coca-Cola respectfully requests that Plaintiff's Motion for Voluntary Dismissal Without Prejudice be denied. In the alternative, and at a minimum, the Court should defer ruling on Plaintiff's Motion until the period of abatement previously requested by Plaintiff and ordered by this Court has expired.

Dated: July 11, 2014

Respectfully submitted,

/s/ David Tetrick, Jr.
David Tetrick, Jr.
Georgia Bar No. 713653

4

Leslie M. Bassett
Georgia Bar No. 477037
*Admitted Pro Hac Vice*
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Tel.:  (404) 572-4600
Fax:   (404) 572-5135
dtetrick@KSLAW.com
lbassett@KSLAW.com

Greg White
P. O. Box 2186
Waco, Texas 76703-2186
(254) 717-5728
FAX (866) 521-5569
greg.white@texapplaw.com

ATTORNEYS FOR DEFENDANT
THE COCA-COLA COMPANY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LIFE PARTNERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: A-14-CA-472-SS |
| | ) | |
| v. | ) | |
| | ) | |
| THE COCA-COLA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send a copy to the following attorneys of record:

C. Alfred MacKenzie
P.O. Box 2003
Waco, TX  76703

Cobby Offei
204 Woodhew Dr.
Waco, TX  76712

*/s/ David Tetrick, Jr.*
David Tetrick, Jr.
Georgia Bar No. 713653